IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | Cr. No. 3:02-548-33 (CMC) |
| v. | **OPINION AND ORDER** |
| David Keith Miles, | |
| Defendant. | |

This case comes before the court on Defendant's Motion for Relief under the First Step Act. ECF No. 4324. The United States Probation Office filed a Sentence Reduction Report ("SRR") (ECF No. 4330), indicating Defendant is eligible for relief as his statutory range has changed from 10 years to Life imprisonment to five to 40 years. *See* SRR at 2. The SRR further notes he is eligible for a reduction of his term of supervised release. *Id.* The Government has filed a Response in Opposition (ECF No. 4341), and Defendant replied (ECF No. 4361).

The court finds Defendant's statutory range is changed by the First Step Act and is no longer 10 years to Life and five years supervised release, but is now five to 40 years imprisonment and four years' supervised release. Defendant's advisory guideline range is 360 to 480 months. His current sentence is 360 months and five years' supervised release. The court has considered the new statutory range, the advisory guideline range, factors in 18 U.S.C. § 3553(a), and evidence of post-sentencing behavior and mitigation and has decided to impose a reduced sentence of 295 months incarceration and four years' supervised release.

## **Background**

Defendant was charged with conspiracy to possess with intent to distribute and distribution of five kilograms or more of cocaine and 50 grams or more of cocaine base in violation of 21

U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. ECF No. 871. Following a jury trial, he was found guilty. The jury was instructed that Defendant could be convicted based on proof of a conspiracy involving five kilograms or more of cocaine <u>or</u> 50 grams or more of cocaine base. ECF No. 1323 at 34-35. The verdict, rendered on April 29, 2003, did not require the jury to specify whether they found Defendant guilty based on cocaine, cocaine base, or both. ECF No. 1355.

The Government contends Defendant is not eligible for relief because the majority of the evidence at trial concerned Defendant's involvement in cocaine. Because the amounts of cocaine testified to exceeded five kilograms, the Government submits "the jury . . . clearly accepted that [Defendant] was involved in the possession of 5 kilograms of cocaine or more." ECF No. 4341 at 10.

**Analysis**

It is the statute of conviction, not actual conduct, that determines eligibility for relief under the First Step Act. *United States v. Powell*, 5:02-cr-206, 2019 WL 1198005, at *3 (N.D.N.Y. Mar. 14, 2019); *United States v. Davis*, No. 07-cr-245S(1), 2019 WL 1054554, at *2-3 (W.D.N.Y. Mar. 6, 2019); *United States v. Glore*, No. 99-cr-82-pp, 2019 WL 1060838, at *2 (E.D. Wis. Mar. 6, 2019). To be eligible, a defendant must have been convicted of a "covered offense" committed before August 3, 2010. Whether an offense is a "covered offense" is determined by examining the statute the defendant violated. *See* First Step Act, § 404(a), Pub. L. No. 115-391, 132 Stat. 5194. If that statute is one for which the statutory penalties were modified by sections 2 or 3 of the Fair Sentencing Act, it is a "covered offense."

The Fair Sentencing Act increased the quantity of cocaine base to apply a mandatory minimum 10-year sentence to 280 grams or more. 21 U.S.C. § 841(b)(1)(A). Consequently, if

2

the jury found Defendant guilty of a conspiracy involving 50 grams or more of cocaine base, the conviction meets the "covered offense" requirement of the First Step Act. Unfortunately, at the time of the trial, juries were not required to specify whether five kilograms or more of cocaine or 50 grams or more of cocaine base or both were the basis for their verdict, as the statutory penalties were the same.

Applying the rule of lenity[1], the court finds that Defendant was convicted of a "covered offense" that he committed before August 3, 2010. Defendant's sentence was not previously imposed or reduced in accordance with the Fair Sentencing Act, and he has made no other motion for a sentence reduction under the First Step Act. Had the Fair Sentencing Act been in effect at the time of Defendant's sentencing, his statutory range for conspiracy involving 50 grams or more of cocaine base would have been five to 40 years under 21 U.S.C. §§ 841(b)(1)(B). Defendant would have been subject to at least four years' supervised release.

Neither the Fair Sentencing Act nor the First Step Act expressly provide for a full or plenary resentencing for reconsideration of original sentencing determinations. The First Step Act simply permits a court to "impose a reduced sentence" as if the Fair Sentencing Act's increased cocaine base requirements "were in effect at the time the covered offense was committed." Pub. L. No. 115-391, 132 Stat. 5194. It contemplates a recalculation of Defendant's guidelines under the Fair Sentencing Act and a possible sentence reduction if warranted.

---

[1] *See Chapman v. United States*, 500 U.S. 453, 463 (1991) ("[T]he rule of lenity tips the scales in favor of the defendant by requiring the court 'to impose the lesser of two penalties.'").

There is some dispute over the procedure to implement § 404 of the First Step Act. Some suggest the proper vehicle is a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). That provision allows the court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . ." Section 994(o), in turn, gives the Sentencing Commission direction to periodically review and revise the Sentencing Guidelines. However, the sentencing changes wrought by the retroactive application of the Fair Sentencing Act are not the result of the Sentencing Commission's revision to the Sentencing Guidelines, but Congress's enactment of a new statute. Therefore, by its plain terms, § 3582(c)(2) cannot apply.

The court believes the applicable provision is 18 U.S.C. § 3582(c)(1)(B), which provides that a "court may not modify a term of imprisonment once it has been imposed except that – (1) in any case - . . . (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." Section 404 of the First Step Act expressly authorizes by statute changes to the penalty range for certain long-final sentences.

Section 404 must be read together with other existing statutes – including § 3582(c). *See, e.g., United States v. Fausto*, 484 U.S. 439, 452-53 (1988) (courts must carry out the "classic judicial task of reconciling many laws enacted over time, and getting them to 'make sense' in combination."). Significantly, § 3582 provides an overarching provision that governs the finality of criminal sentences. *See, e.g., United States v. Goodwyn*, 596 F.3d 233, 245 (4th Cir. 2010)

([T]he law closely guards the finality of criminal sentences," and "Section 3582, which governs the imposition of federal prison sentences, embraces this principle.").

Section 3582(c)(1)(B) provides a straightforward way to implement the retroactive changes in the First Step Act because it permits a modification of a sentence when "expressly permitted by statute," as the First Step Act does here. Other district courts analyzing First Step Act motions for relief agree. *See, e.g., Davis*, 2019 WL 1054554, at *2; *United States v. Potts*, No. 2:98-cr-14010, 2019 WL 1059837, at *2-3 (S.D. Fl. Mar. 6, 2019); *United States v. Delaney*, No. 6:08-cr-00012, 2019 WL 861418, at *1 (W.D. Va. Feb. 22, 2019); *United States v. Fountain*, No. 1:09-cv-00013, 2019 WL 637715, at *2 (W.D.N.C. Feb. 14, 2019); *United States v. Jackson*, No. 5:03-cr-30093, 2019 WL 613500, at *1 (W.D. Va. Feb. 13, 2019); *United States v. Copple*, No 17-cr-40011, 2019 WL 486440, at *2 (S.D. Ill. Feb. 7, 2019); *United States v. Drayton*, Crim. No. 10-20018, 2019 WL 464872, at *2 (D. Kan. Feb. 6, 2019);*United States v. Kamber*, No. 09-cv-40050, 2019 WL 399935, at *2 (S.D. Ill. Jan 31, 2019).

Section 3582(c)(1)(B) also fits the structure of § 404 of the First Step Act. Section 404(b) of the First Step Act and § 3582(c) both provide that multiple actors – including a district court, the Director of the Bureau of Prisons, the Government, and defendants – may initiate requests for sentence reductions. Statutory provisions in § 3582(c) cover: motions filed by the Government (such as motions under Fed. R. Crim. P. 35 addressed in § 3582(c)(1)(B)); motions filed by the Director of the Bureau of Prisons (such as motions addressed in § 3582(c)(1)(A) and (c)(2)); motions filed by defendants (such as motions addressed in § 3582(c)(1)(A) and (c)(2)); and proceedings initiated by the sentencing court (such as motions addressed in § 3582(c)(2)).

When a defendant obtains relief under § 3582(c)(1)(B), that does not affect the finality of the original underlying sentence and judgment. *United States v. Sanders*, 247 F.3d 139, 142-43 (4th Cir. 2001) (explaining "[t]he plain language of 18 U.S.C. § 3582(b) establishes that a modification of a sentence does not affect the finality of a criminal judgment."). The limited scope of § 3582(c) proceedings is reflected in Fed. R. Crim. P. 43(b)(4). Under that Rule, "[a] defendant need not be present under any of the following circumstances . . . . The proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)." In short, § 3582(c)(1)(B is the appropriate mechanism for granting relief under § 404 of the First Step Act.

Consequently, the court concludes that, although Defendant is eligible for consideration of a reduced sentence under the First Step Act, he is not entitled to a full resentencing. Defendant is subject to a statutory range of five to 40 years imprisonment and a supervised release term of four years. His advisory guideline range is 360 to 480 months. The court will consider the new statutory range, the advisory guideline range, the 18 U.S.C. § 3553(a) factors and any evidence of post-sentencing behavior and mitigation.

**Application**

While Defendant's statutory range has changed from 10 years to Life imprisonment to five to 40 years, his current sentence, 360 months, is at the bottom of his current guideline range of 360 to 480 months. His current term of supervised release, five years, is eligible for reduction to four years.

Defendant's sentence reflects the court's finding that he was a top lieutenant in a drug conspiracy that distributed over one thousand kilograms of cocaine. He used threats of violence to collect drug proceeds and threatened a cooperating witness. His sentence is one of the highest

6

imposed when defendants were resentenced after the *Booker* remand. Most defendants have had their sentences reduced or commuted, yet Defendant was not eligible for such reductions until passage of the First Step Act.

Defendant is correct that if he were sentenced today, he would have a Category II criminal history and his guidelines would be calculated based on a 1:1 powder to crack ratio. However, neither of these changes would lower his guideline range. What it does show is that prior to the instant conviction, Defendant did not have a serious prior criminal record.

Defendant's conduct while in custody has been mixed. His disciplinary record reflects nine violations as follows:

2004 – Possessing Intoxicants
2009 – Giving/Accepting Money without Authority
2009 – Being Insolent to a Staff Member
2010 – Possessing an Unauthorized Item (tobacco)
2011 – Engaging in Sexual Acts
2013 – Introduction of Drugs/Alcohol
2016 – Possessing a Hazardous Tool
2017 – Use of Drugs/Alcohol
2018 – Use of Drugs/Alcohol

In contrast, Defendant has obtained his GED and completed 30 educational courses. He receives positive write-ups from BOP staff. Finally, he has remained involved and supportive in the lives of his children and family members indicate he will have a strong support network when released.

Defendant has written letters expressing remorse and regret for his past actions. He advises that he has begun to address his alcoholism through participation in AA and NA.

He is 47 years old, and has served over 200 months in custody. His projected release date is July 26, 2029.

7

After considering the reduced statutory range, the advisory guideline range, current sentences of co-defendants, the factors in 18 U.S.C. § 3553(a), and post-sentencing behavior and mitigation, the court imposes a reduced sentence of 295 months and four years' supervised release. This sentence is sufficient, but not greater than necessary, to achieve the purposes of sentencing.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
Senior United States District Judge

Columbia, South Carolina
August 26, 2019